# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| LARRY DONNELL KING, | Case No. 1:17-cv-01660-AWI-EPG (PC) |
|---|---|
| Plaintiff, | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR FAILURE TO APPEAR |
| v. | |
| M. STANE, | |
| Defendant. | ORDER FOR WARDEN OF CALIFORNIA STATE PRISON, SOLANO, TO SHOW CAUSE WHY HE OR SHE SHOULD NOT BE SANCTIONED FOR FAILURE TO COMPLY WITH A COURT ORDER |
| | ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO SENIOR ASSISTANT ATTORNEY GENERAL MONICA ANDERSON, THE WARDEN OF CALIFORNIA STATE PRISON, SOLANO, AND THE LITIGATION COORDINATOR AT CALIFORNIA STATE PRISON, SOLANO |

Larry King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 17, 2018, the Court issued an order that, among other things, set an initial scheduling conference on December 17, 2018. (ECF No. 20). The order stated:

> An Initial Scheduling Conference will be held on December 17, 2018 at 03:00 PM.
>
> . . .
>
> Plaintiff shall make arrangements with staff at his or her institution of confinement for his or her attendance at the

1

> mandatory telephonic Initial Scheduling Conference. Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above. To the extent possible, prior to the conference defense counsel shall confirm with Plaintiff's institution of confinement that arrangements have been made for Plaintiff's attendance prior to the conference.

(Id. at 3).

The Court attempted to hold the conference on the date and time ordered. The undersigned Judge and her court staff were present. Defense Counsel Andrew Whisnand and Lawrence Bragg telephonically appeared on behalf of Defendant. However, Plaintiff failed to appear.

Mr. Whisnand stated on the record that, that prior to the conference, he contacted Plaintiff's institution of confinement, California State Prison, Solano, and confirmed that the institution was aware of the conference and would make Plaintiff available. When Plaintiff failed to attend the conference, Mr. Whisnand also attempted to contact the litigation coordinator for the institution by phone and email, but received no response.

After waiting over ten minutes, the Court decided not to hold the conference due to Plaintiff's failure to appear.

Accordingly, the Court will order Plaintiff to show cause why he should not be sanctioned for failing to appear at the conference.

The Court will also order the Warden of California State Prison, Solano, to show cause why the Warden should not be sanctioned for failing to comply with the Court's order directing Plaintiff's institution of confinement to make Plaintiff available for the conference (ECF No. 20, p. 3).

Accordingly, IT IS ORDERED that:

1. Plaintiff shall show cause why sanctions should not issue for his failure to attend the conference. Plaintiff has until January 18, 2019, to file a written response explaining why he did not attend the conference;
2. The Warden of California State Prison, Solano, shall show cause why sanctions should not issue for the Warden's failure to comply with the Court's order

directing Plaintiff's institution of confinement to make Plaintiff available for the conference.  The Warden has until January 18, 2019, to file a written response explaining why he or she did not make Plaintiff available for the conference; and

3. The Clerk of Court is directed to serve a copy of this order on Supervising Deputy Attorney General Monica Anderson, the Warden of California State Prison, Solano, and the Litigation Coordinator at California State Prison, Solano.

IT IS SO ORDERED.

Dated: **December 18, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE