# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING,<br><br>        Plaintiff,<br><br>   v.<br><br>M. STANE,<br><br>        Defendant. | Case No. 1:17-cv-01660-AWI-EPG (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF NO. 26)<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO SENIOR ASSISTANT ATTORNEY GENERAL MONICA ANDERSON, THE WARDEN OF CALIFORNIA STATE PRISON, SOLANO, AND THE LITIGATION COORDINATOR AT CALIFORNIA STATE PRISON, SOLANO |

Larry King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 17, 2018, the Court issued an order that, among other things, set an initial scheduling conference on December 17, 2018. (ECF No. 20). The order stated:

> An Initial Scheduling Conference will be held on December 17, 2018 at 03:00 PM.
>
> . . .
>
> Plaintiff shall make arrangements with staff at his or her institution of confinement for his or her attendance at the mandatory telephonic Initial Scheduling Conference. Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above. To the extent possible, prior to the conference defense counsel shall confirm

with Plaintiff's institution of confinement that arrangements have
been made for Plaintiff's attendance prior to the conference.

(Id. at 3).

The Court attempted to hold the conference on the date and time ordered. The undersigned Judge and her court staff were present. Defense Counsel Andrew Whisnand and Lawrence Bragg telephonically appeared on behalf of Defendant. However, Plaintiff failed to appear.

Mr. Whisnand stated on the record that, prior to the conference, he contacted Plaintiff's institution of confinement, California State Prison, Solano, and confirmed that the institution was aware of the conference and would make Plaintiff available. When Plaintiff failed to appear at the conference, Mr. Whisnand also attempted to contact the litigation coordinator for the institution by phone and email, but received no response.

After waiting over ten minutes, the Court decided not to hold the conference due to Plaintiff's failure to appear.

Accordingly, the Court ordered Plaintiff to show cause why he should not be sanctioned for failing to appear at the conference, and the Warden of California State Prison, Solano, to show cause why the Warden should not be sanctioned for failing to comply with the Court's order directing Plaintiff's institution of confinement to make Plaintiff available for the conference. (ECF No. 26). Plaintiff filed his response on January 10, 2019. (ECF No. 28). The Warden filed his response on January 16, 2019. (ECF No. 29).

The Court will discharge the order to show cause without issuing sanctions. As to Plaintiff, Plaintiff explained that he was at work on the day of the conference, and that he informed his supervisor of the conference. However, an officer never came to take him to the conference. Based on this explanation, the Court finds that sanctions are not appropriate.

As for the Warden, after receiving the order to show cause, the Warden undertook an investigation and ascertained the following:

On the morning of December 14, 2018, Deputy Attorney General
Andrew Whisnand forwarded a copy of the Court's September
17, 2018 "Order Setting an Initial Scheduling Conference and
Requiring Initial Disclosures and Scheduling Conference

Statements" (ECF No. 20) to Litigation Coordinator Monica Romero and her Office Technician, Amani Howell- Jennings. Mr. Whisnand's e-mail explained that CSP-Solano should have already received a copy of the Court's order from the Clerk of the Court,1 but nevertheless reiterated that inmate King needed to be made available for a telephone call at 3:00 p.m. on December 17, 2018. Mr. Whisnand sent a second follow-up e-mail the afternoon of December 14, 2018, to make sure that his earlier e-mail had been received and read.

I am informed that Mr. Whisnand also called and left voicemails for Ms. Romero and Ms. Howell-Jennings on the morning of the telephonic conference, on December 18, 2018.

Regrettably, Ms. Romero and Ms. Howell-Jennings did not respond to Mr. Whisnand's initial e-mails or voicemails. I am informed that Mr. Whisnand's paralegal was eventually able to reach someone at the Litigation Office around 11:00 a.m. on December 18, 2018.

At that time, Ms. Howell-Jennings contacted Mr. R. Savino, an Office Technician for Level III Operations/Education to set up the call. Ms. Howell-Jennings e-mailed Mr. Whisnand and confirmed that the call would proceed as scheduled.

Meanwhile, Mr. Savino personally contacted inmate King's housing unit (Building 4) and requested that inmate King be made available for a 3:00 p.m. phone call. (Given the fact that inmate King's call was not scheduled sooner, he was not formally "ducated" for the call—i.e., given a formal pass—which is why Mr. Savino had to personally call inmate King's housing unit.).

At 2:45 p.m., Mr. Savino called Building 4 and requested that inmate King be released for his phone call; the officer with whom Mr. Savino spoke said that he would do so. At 2:55 p.m., inmate King had not yet appeared for his phone call, so Mr. Savino called Building 4 again. The officer informed Mr. Savino that he would follow up.

At 3:05 p.m., inmate King still had not shown up, so Mr. Savino contacted Ms. Howell-Jennings in the Litigation Office to inform her of the situation. She informed Mr. Savino that she would look into the matter immediately.

Around 3:15 p.m., Ms. Howell-Jennings and Mr. Savino discovered that inmate King had been at work all day, even though he was not scheduled to work that day until 4:00 p.m. CSP-Solano is continuing to investigate the reason why inmate King was at his work assignment during non-scheduled hours. Ms. Howell-Jennings and Mr. Savino immediately made attempts to get inmate King to the phone.

At 3:19 p.m., Ms. Howell-Jennings e-mailed Mr. Whisnand, explained the situation, and informed Mr. Whisnand that they were working to get inmate King to the phone. But by that time, the Court had already cancelled the telephonic scheduling conference.

(ECF No. 29, pgs. 2-3) (footnote omitted).

Additionally, the Warden expressed his regrets, and made a commitment to better procedures, including working with the Office of the Attorney General to ensure that the litigation coordinator timely receives court orders setting hearings. (Id.).

In light of the thorough investigation undertaken by the Warden, as well as the commitment to better procedures in the future, the Court finds that sanctions are not appropriate.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. The order to show cause entered on December 18, 2018, is DISCHARGED; and

2. The Clerk of Court is directed to serve a copy of this order on Supervising Deputy Attorney General Monica Anderson, the Warden of California State Prison, Solano, and the Litigation Coordinator at California State Prison, Solano.

IT IS SO ORDERED.

Dated:  __January 31, 2019__          /s/ _Errin P. Gross_
                                    UNITED STATES MAGISTRATE JUDGE